IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTINE M. ARNOLD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-7-DWD |
| | ) |
| **AMEREN ILLINOIS,** | ) |
| | ) |
| **Defendant.** | ) |

### MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court are Plaintiff's Motion and Affidavit to Proceed *In Forma Pauperis* (Doc. 3), Motion for Recruitment of Counsel (Doc. 4), and Motion for Service of Process at the Government's Expense (Doc. 5). Under 28 U.S.C. § 1915(a)(1), the Court may permit an indigent party to proceed without the pre-payment of fees. Section 1915(a)(1) states:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

It has been noted that "litigants need not give up their 'last dollar…and thus make themselves and their dependents wholly destitute' to be granted *in forma pauperis* status." *See Victory v. Kunkel*, No. 91-1644, 1994 WL 487282, *1 (7th Cir. Sept. 6, 1994) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *accord Jones v. Edgar*, No.

92-3149, 1993 WL 272494, *1 (7th Cir. July 21, 1993). Section 1915(a) contemplates a standard of indigence that may be satisfied by persons other than those living in abject poverty. *See Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wisc. 1993) (citing *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980)). As such, a litigant with limited financial resources may satisfy § 1915(a). *See id*. An affidavit in support of a motion to proceed *in forma pauperis* suffices if it shows the litigant cannot, due to poverty, afford the costs of litigation and provide for herself and dependents. *See Wolf v. Comm'r of Soc. Sec.*, No. 20-50055, 2020 WL 1675673 (N.D. Ill. April 6, 2020) (citing *Adkins*, 335 U.S. at 339).

Here, the Court is unpersuaded that Plaintiff is unable to pay the filing fee in this case. Despite the above-stated legal principles, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *See Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972); *accord Mieloszyk v. McBride*, No. 19-1237, 2020 WL 3618467, *1 (S.D. Ill. July 2, 2020). Plaintiff is employed by Defendant, Ameren Illinois, where she receives approximately $4833.34 in gross pay and $2600 to $3000 in take-home pay each month. (Doc. 3, pg. 1). Although she attests to having only $75 in cash on hand and total monthly expenses of $3374, Plaintiff has a $43,000 pension and $6000 in a 401(k) plan. (Doc. 3, pg. 2). Further, in light of her attestation to owing $1038 a month toward a mortgage and $500 a month toward a car loan, Plaintiff appears to own her home and a vehicle. (Doc. 3, pg. 2). Plaintiff also has no dependents. (Doc. 3, pg. 2). Under these circumstances, the Court **FINDS** Plaintiff's circumstances do not rise to the level of warranting *in forma*

*pauperis* status under § 1915(a). *See Engel v. Bank Mut.*, No. 18-204, 2018 WL 922186 (E.D. Wisc. Feb. 15, 2018) (discussing how, despite limited financial means, the difficulty in paying the fee does not equate to indigence); *Jacobson v. Pines*, No. 23-83, 2023 WL 1108252, *1 (E.D. Wisc. Jan. 30, 2023) (denying the plaintiff's motion to proceed *in forma pauperis*, where, *inter alia*, the plaintiff was self-employed but unmarried, had unidentified dependents for whom the amount of support was unknown, had a monthly income of $500, paid $1000 a month toward a mortgage for a $120,000 home, owned a car worth $3000, and had a 401(k)/IRA worth about $27,000).

Accordingly, the Court **DENIES** the Motion and Affidavit to Proceed *In Forma Pauperis* (Doc. 3) and Motion for Service of Process at the Government's Expense (Doc. 5). Since the Court cannot conclude Plaintiff is indigent under § 1915(a), the Court also **DENIES** the Motion for Recruitment of Counsel (Doc. 4). *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). To proceed in federal court, Plaintiff must pay the requisite filing fee. The failure to do so may result in the dismissal of this case. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated: March 8, 2023

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge