IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTINE M. ARNOLD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-7-DWD |
| | ) |
| AMEREN ILLINOIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Defendant's Motion for Summary Judgment. (Doc. 35). Plaintiff filed a Response in Opposition to the Motion for Summary Judgment and a Supplemental Affidavit. (Docs. 42 & 43). Defendant filed a Reply in Support of its Motion for Summary Judgment. (Doc. 44). As stated below, the Motion for Summary Judgment is **GRANTED**.

### I. Background

Plaintiff, who is an African American female, filed a 2-count Amended Complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Doc. 33). She has been employed with Defendant since September 17, 2012. (Doc. 33, pg. 2). In Count I, Plaintiff alleges a hostile work environment stemming from a complaint she made to Defendant's human resource department about her direct supervisor. (Doc. 33, pgs. 3-5). In Count II, Plaintiff alleges retaliation, related to her failure to advance within Ameren Illinois, due to that complaint. (Doc. 33, pgs. 3-6). As relief, Plaintiff seeks a declaration that the conduct described in the Amended Complaint violates Title VII, compensatory damages, and an order for a promotion to a new employment position. (Doc. 33, pg. 6).

In response to the Amended Complaint, Defendant filed an Answer that included numerous affirmative defenses. (Doc. 34). Most relevant for present purposes is Defendant's affirmative defense that Plaintiff's lawsuit is untimely. (Doc. 34, pgs. 5-6).

Importantly, the parties' statements of material facts are largely undisputed. (Docs. 35, pgs. 2-4; 43, pgs. 1-3; 44, pg. 2). As such, the following timeline is taken as true.

On October 26, 2018, Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"). (Docs. 35, pgs. 2-3; 35-1, pg. 1; 43, pg. 1). The Charge of Discrimination listed Plaintiff's residential address on Fair Oaks Drive in Belleville, Illinois. (Docs. 35, pg. 3; 35-2, pg. 19; 43, pg. 1). On October 29, 2019, Plaintiff was served with a Notice of Dismissal for Lack of Substantial Evidence by the IDHR. (Docs. 35, pg. 3; 35-3; 43, pgs. 1-2; 44, pg. 2). Plaintiff was informed that she had the right to request a Substantial Weight Review by the EEOC, a right which she subsequently asserted. (Docs. 35, pg. 3; 35-3, pg. 3; 42, pgs. 1, 6-10; 43, pgs. 1-2, 4; 44, pg. 2).

On January 30, 2022, Plaintiff moved to a new residential address on Willow Creek Road in Belleville, Illinois. (Docs. 35, pg. 3; 35-1, pg. 2; 42, pg. 2; 43, pgs. 1-2; 44, pg. 2). Plaintiff informed the U.S. Postal Service of her new residential address. (Docs. 42, pg. 2; 43, pgs. 2, 4-5; 44, pg. 2). However, Plaintiff did not notify the EEOC of her new residential address. (Doc. 35-1, pg. 2) ("I did not inform the EEOC of my change in address because I believed my charge of discrimination had been closed."); (Doc. 43, pg. 2) (same); (Doc. 43, pg. 4) ("Although I did not specifically inform [the] EEOC of my new address, I did submit a change of address form with the Postal Service."); (Doc. 43, pg. 4) ("While I did

not inform [the] EEOC of my new address, the reason for my failure is understandable."); (Doc. 43, pg. 5) ("Under th[e] circumstances my failure to actually notify the EEOC of my new address is understandable and is not 'fault' of the type which should foreclose my right to maintain the above lawsuit."). Twenty-six months separated her request for a Substantial Weight Review by the EEOC in November 2019 and her move to a new residential address in January 2022. (Docs. 42, pg. 2; 43, pgs. 2, 4-5; 44, pg. 2). During that time, Plaintiff attempted to contact the EEOC by telephone about the status of her case, but she received no response. (Docs. 42, pg. 2; 43, pgs. 2, 5; 44, pg. 2). Plaintiff assumed the EEOC would do nothing further in her case. (Docs. 42, pg. 2; 43, pgs. 3-5; 44, pg. 2).

On September 26, 2022, the EEOC issued a Determination and Notice of Rights to Plaintiff at her prior residential address on Fair Oaks Drive in Belleville, Illinois. (Docs. 35, pg. 4; 35-4; 43, pgs. 1, 3; 44, pg. 2). The Determination and Notice of Rights provided:

> This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice. Receipt generally occurs on the date that you (or your representative) view this document, You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

(Docs. 35, pg. 4; 35-4; 43, pg. 1).

Due to Plaintiff's admitted failure to update her residential address with the EEOC, she did not receive the Determination and Notice of Rights until October 20, 2022. (Docs. 35, pg. 4; 42, pg. 2; 42, pg. 2; 43, pgs. 1, 3; 44, pg. 2). In December 2022, Plaintiff emailed and telephoned the EEOC, "asking for assistance with respect to [her] question

of when the complaint had to be filed," but she did not receive a response. (Docs. 43, pg. 3; 44, pg. 2). Also, Plaintiff travelled to the EEOC office in St. Louis, Missouri, where a receptionist indicated she "should calculate the 90 days from the date [she] received the letter." (Docs. 43, pg. 3; 44, pg. 2). Plaintiff filed this lawsuit on January 3, 2023. (Doc. 2).

## II. Analysis

Defendant filed its Motion for Summary Judgment before the deadlines for completing discovery and filing dispositive motions. (Doc. 35).[1] Under Federal Rule of Civil Procedure 56(b), a party may file a motion for summary judgment at any time until 30 days after the close of all discovery. Fed. R. Civ. P. 56(b). The Court will grant the Motion for Summary Judgment if Defendant shows there is no genuine dispute as to any material fact, such that it is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a); accord Driveline Sys., LLC v. Arctic Cat, Inc., 936 F.3d 576, 579 (7th Cir. 2019) (quoting Dunderdale v. United Airlines, Inc., 807 F.3d 849, 853 (7th Cir. 2015); citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). A genuine dispute of material fact exists if there is sufficient evidence for Plaintiff to receive a verdict. See Driveline Systems, 936 F.3d at 579 (quoting Aregood v. Givaudan Flavors Corp., 904 F.3d 475, 482 (7th Cir. 2018), reh'g denied (Oct. 30, 2018)). When ruling, the Court merely decides whether a genuine dispute of material fact requires a trial. Runkel v. City of Springfield, 51 F.4th 736, 741 (7th Cir. 2022) (quoting Johnson v. Advocate Health & Hospitals Corp., 892 F.3d 887, 893 (7th Cir. 2018)).

---

[1]The deadlines for completing discovery and filing dispositive motions are October 22 and November 21, 2024, respectively. (Doc. 46).

Consistent with its affirmative defense and the undisputed material facts, Defendant argues Plaintiff failed to file this lawsuit within 90 days of the date the EEOC provided notice that no action would be taken on her claim, as required by Title VII. (Doc. 35, pgs. 1-2, 5-7). When doing so, Defendant notes Plaintiff failed to update her residential address with the EEOC. (Doc. 35, pgs. 1-2, 5-7). As such, Defendant argues Plaintiff must be held to the constructive notice rule, rather than the actual notice rule, under Seventh Circuit precedent. (Doc. 35, pgs. 1-2, 5-7). Defendant also argues Plaintiff is not entitled to an equitable tolling of the 90-day window to file this lawsuit. (Doc. 35, pgs. 8-10).

In response, Plaintiff argues she exercised due diligence by filing this lawsuit on January 3, 2023, which was 74 days after she actually received the Determination and Notice of Rights from the EEOC. (Doc. 43, pgs. 1, 5). Plaintiff also states it is "understandable" and not her "fault" that she did not inform the EEOC of her new residential address. (Doc. 43, pg. 4). Plaintiff emphasizes the months that passed between the time she moved and the time she submitted a request for a Substantial Weight Review by the EEOC. (Doc. 43, pgs. 4-5). Further, Plaintiff stresses, during that time, she unsuccessfully reached out to the EEOC about the status of her claim. (Doc. 43, pg. 5). When Plaintiff could not get in touch with the EEOC, and she had not received a ruling on her claim, she "reasonably assumed that the EEOC dropped [the] case." (Doc. 43, pgs. 4-5). Therefore, in short, Plaintiff appears to admit this lawsuit is untimely due to the failure to update her residential address with the EEOC, but she argues the applicable deadline should be equitably tolled under the circumstances. (Doc. 43, pgs. 4-5).

Now, under Title VII, "[i]f a charge filed with the [EEOC] pursuant to subsection (b) is dismissed by the [EEOC]…[it] shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge…by the person claiming to be aggrieved." 42 U.S.C. § 2000e-5(f)(1). Generally, the 90-day filing window opens when the claimant or his or her attorney "actually receives" the right-to-sue notice that accompanies the EEOC's determination of charge. *See Lax v. Mayorkas*, 20 F.4th 1178, 1182 (7th Cir. 2021) (quoting *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1312 (7th Cir. 1984)); *accord Reschny v. Elk Grove Plating Co.*, 414 F.3d 821, 823 (7th Cir. 2005); *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849-50 (7th Cir. 2001); *Bobbitt v. Freeman Cos.*, 268 F.3d 535, 538 (7th Cir. 2001).

If the notice is delayed due to the claimant's own fault, however, the constructive receipt doctrine opens the 90-day filing window "once delivery is attempted at the last address provided" by the claimant. *Reschny*, 414 F.3d at 823 (citing *St. Louis v. Alverno Coll.*, 744 F.2d 1314, 1316-17 (7th Cir. 1984)); *accord Bobbitt*, 268 F.3d at 538; *Houston v. Sidley & Austin*, 185 F.3d 837, 838-39 (7th Cir. 1999). In other words, "if a claimant fails to notify the EEOC of a change of address, then the claimant cannot later rely on the 'actual notice' rule." *Bobbitt*, 268 F.3d at 538 (citing *Alverno Coll.*, 744 F.2d at 1317). In the context of Title VII and § 2000e-5(f)(1), "there is a presumption that letters are received five days from the mailing date." *Hardiman v. Lipnic*, 455 F. Supp. 3d 693, 701-02 (N.D. Ill. 2020). And, crucially, an aggrieved person is responsible for providing the EEOC with notice of any change in his or her contact information, including a residential address change, in order to facilitate communication during the EEOC's consideration of the charge. *See* 29

C.F.R. § 1601.7(b); *see also Alverno Coll.*, 744 F.2d at 1316-17 (recognizing § 1601.7(b), which places a "minimal" burden on a claimant to provide the EEOC with an updated address, "makes mandatory that which was dictated already by common sense").

Moreover, an equitable tolling of the 90-day deadline contained in § 2000e-5(f)(1) is " 'reserved for situations in which the claimant "has made a good faith error (*e.g.*, brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time." ' " *Lax*, 20 F.4th at 1183 (quoting *Threadgill,* 269 F.3d at 850); *accord Harris v. Brock*, 835 F.2d 1190, 1194 (7th Cir. 1987). Put another way, an equitable tolling of that 90-day deadline may be proper if "the claimant 'has actively pursued his judicial remedies…or has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.' " *Threadgill,* 269 F.3d at 850 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)) (Emphasis in original omitted). Although a plaintiff's argument for an equitable tolling may "elicit[] sympathy" from the courts, " '[the] [p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded…out of a vague sympathy for particular litigants.' " *Id.* (quoting *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)).

Here, in light of the undisputed material facts, it is clear that Defendant is entitled to a judgment as a matter of law. First, there is no question that Plaintiff failed to fulfill her responsibility of updating her residential address with the EEOC. *See* 29 C.F.R. § 1601.7(b); *Alverno Coll.*, 744 F.2d at 1316-17; (Docs. 35-1, pg. 2; 43, pgs. 2, 4-5). That failure resulted in the EEOC sending the Determination and Notice of Rights to Plaintiff's old residential address, which, in turn, caused the delay in Plaintiff actually receiving the

EEOC's decision. (Docs. 35, pg. 4; 35-1, pg. 2; 35-4; 42, pg. 2; 43, pgs. 1-5; 44, pg. 2). Under these circumstances, Defendant is correct that the Court must apply the constructive receipt rule rather than the actual notice rule. *See Reschny*, 414 F.3d at 823; *Bobbitt*, 268 F.3d at 538; *Houston*, 185 F.3d at 838-39. Since the Determination and Notice of Rights was issued by the EEOC on September 26, 2022, it is presumed that Plaintiff received that decision on October 1, 2022. *See Hardiman*, 455 F. Supp. 3d at 701-02. By extension, the 90-day filing window contained in § 2000e-5(f)(1) opened on October 1, 2022, requiring Plaintiff to file this lawsuit by December 30, 2022. *See* 42 U.S.C. § 2000e-5(f)(1). She did not do so. Therefore, consistent with the authorities from the Seventh Circuit, the Court finds this lawsuit is untimely under § 2000e-5(f)(1). *See, e.g., Reschny*, 414 F.3d at 824 (Seventh Circuit finding the plaintiff's negligence implicated the constructive receipt doctrine, as to open the 90-day filing window stated in § 2000e-5(f)(1), where, *inter alia*, the plaintiff and her attorneys, despite their duty under § 1601.7(b), failed to update their addresses with the EEOC); *Alverno Coll.*, 744 F.2d at 1317 (Seventh Circuit holding the 90-day filing window contained in § 2000e-5(f)(1) opened on the date that notice was delivered by the EEOC to the most recent address provided by the *pro se* plaintiff, where the "failure to tell the EEOC that he had moved was not an event beyond his control"); *Edwards v. Johnson*, 198 F. Supp. 3d 874, 878-80 (N.D. Ill. 2016) (holding the plaintiff's claim under Title VII was time-barred where, *inter alia*, "the law require[d] Edwards to inform *the EEOC*," not merely his former employer, "of any change of address after a charge has been filed," and the failure to do so was not beyond his control) (Emphasis in original).

Second, the Court finds the circumstances of this case do not warrant an equitable tolling of the 90-day filing window contained in § 2000e-5(f)(1). In short, Plaintiff's mistaken assumption that no further action would be taken by the EEOC on her claim, which was based on unanswered communications and the fact that her claim remained pending for two years, is not the sort of circumstance that warrants an application of the equitable tolling doctrine. *See Lax*, 20 F.4th at 1183; *Harris*, 835 F.2d at 1194; *Threadgill,* 269 F.3d at 850; (Docs. 42, pg. 2; 43, pgs. 2-5; 44, pg. 2). Plaintiff's legal responsibility to update her residential address with the EEOC existed notwithstanding those excuses, and the failure to fulfil that legal responsibility is ultimately what prevented the filing of a timely lawsuit. *See* 29 C.F.R. § 1601.7(b); *Alverno Coll.*, 744 F.2d at 1316-17. It is also notable, as to fault, Plaintiff was failing to update her residential address with the EEOC at the same time she took that action with the U.S. Postal Service. (Docs. 42, pg. 2; 43, pgs. 2, 4-5).

Finally, the Court notes Plaintiff still had 72 days from October 20, 2022, when she actually received the Determination and Notice of Rights from the EEOC, to timely file this lawsuit by December 30, 2022. Rather than do so, Plaintiff waited 55 days to email or call the EEOC about when to file a lawsuit. (Docs. 43, pgs. 2-3; 44, pg. 2). Plaintiff also waited 69 or 70 days to seek an answer to that question from a receptionist at the EEOC's St. Louis office. (Docs. 43, pgs. 2-3; 44, pg. 2). And, while the receptionist informed Plaintiff of the general rule that she "should calculate the 90 days from the date [she] received" the Determination and Notice of Rights from the EEOC, that fact alone cannot outweigh the other facts of record that show Plaintiff's fault. *See Lax*, 20 F.4th at 1182; *Reschny*, 414 F.3d at 823; *Threadgill,* 269 F.3d at 849-50; *Bobbitt*, 268 F.3d at 538; (Docs. 43,

pg. 3; 44, pg. 2). In short, Plaintiff's conduct after receiving the Determination and Notice of Rights from the EEOC on October 20, 2022, including her filing of this lawsuit a total of 76 days later, is not necessarily indicative of diligence. Therefore, the Court finds Plaintiff is not entitled to an equitable tolling of the 90-day filing window contained in § 2000e-5(f)(1). *See Day v. Lincoln Ins. Agency, Inc.*, 1 Fed. App'x 521, 523-24 (7th Cir. Jan. 10, 2001) (Seventh Circuit finding, in the context of § 2000e-5(f)(1), the plaintiff's "delay in informing the EEOC of his correct address caused the delay in his actual receipt of the right-to-sue letter, and he thus cannot claim the benefit of equitable tolling"); *Edwards*, 198 F. Supp. 3d at 880-81 (holding the plaintiff was not entitled to an equitable tolling of the 90-day window for filing a Title VII claim where, although the plaintiff "assert[ed] that he would 'follow-up from time to time' with the EEOC to 'find out the status' of his appeal," the failure to inform the EEOC of his change in address "d[id] not amount to an 'extraordinary circumstance that stood in his way and prevented timely filing' such that equitable tolling [wa]s warranted"); *Schmidt v. Wisconsin Div. of Vocational Rehab.*, 502 Fed. App'x 945, 614 (7th Cir. April 15, 2013) (Seventh Circuit noting "mistakes of law (even by plaintiffs proceeding pro se) generally do not excuse compliance with deadlines or warrant tolling a statute of limitations") (collecting cases)).

### III. Conclusion

For the reasons explained above, Defendant's Motion for Summary Judgment is **GRANTED**. All hearings and deadlines are **TERMINATED**. The Clerk of the Court is **DIRECTED** to enter judgment for Defendant and against Plaintiff before closing the case.

**SO ORDERED.**

Dated: August 14, 2024

_____
DAVID W. DUGAN
United States District Judge